**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1925**

RONY ALBERT, a/k/a Ronny Albert,

                    Petitioner,

        v.

MICHAEL B. MUKASEY, Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A96-426-964)

Submitted:  March 21, 2008          Decided:  April 10, 2008

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

David Z. Su, LAW OFFICES OF DAVID Z. SU, Monterey Park, California,
for Petitioner.  Jeffrey S. Bucholtz, Acting Assistant Attorney
General, Carl H. McIntyre, Jr., Assistant Director, Francis W.
Fraser, Office of Immigration Litigation, UNITED STATES DEPARTMENT
OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rony Albert, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision, which denied his requests for asylum, withholding of removal, and protection under the Convention Against Torture.[*]

In his petition for review, Albert argues that the Board and immigration judge erred in concluding that his asylum application was time-barred. Under 8 U.S.C. § 1158(a)(3) (2000), "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)," which includes both the Attorney General's decisions whether an alien has complied with the one-year time limit and whether there are changed or extraordinary circumstances excusing the untimeliness. Courts of appeal have uniformly held this jurisdiction-stripping provision precludes judicial review not only of all such determinations, but also of the merits of the underlying asylum claim. See Chen v. U.S. Dep't of Justice, 434 F.3d 144, 151 (2d Cir. 2006) (collecting cases). Given this jurisdictional bar, we cannot review Albert's challenge to the finding that his asylum application was untimely.

---

[*]In his brief before this court, Albert has failed to raise any challenges to the denial of his request for protection under the Convention Against Torture. We therefore find that he has waived appellate review of this claim. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004).

Albert also contends the Board and the immigration judge erred in denying his request for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)); see 8 C.F.R. § 1208.16(b) (2007). Based on our review of the record, we find that Albert failed to make the requisite showing. We therefore uphold the denial of his request for withholding of removal.

Accordingly, we deny Albert's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED